NO. 07-11-0069-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 AUGUST 7, 2012
 
 ______________________________
 
 
 GREGORY THORNTON, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 
 _________________________________
 
 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2008-419,888; HONORABLE JIM BOB DARNELL, JUDGE
 
 _______________________________
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 OPINION
Following a plea of not guilty, Appellant, Gregory Thornton, was convicted by a jury of tampering with evidence. He pled not true to two enhancement paragraphs and was sentenced to forty-five years confinement. By two issues, Appellant questions whether (1) the evidence is sufficient to support a conviction for tampering with evidence when the "evidentiary value" of an item of drug paraphernalia, to-wit: a glass "crack pipe" was not destroyed or altered and the pipe was never concealed from the officer that instigated the encounter; and whether (2) he was entitled to a jury instruction on attempt after the arresting officer testified that he "tried" to tamper with the evidence. We reverse and render a judgment of acquittal.
 Factual Background
On the morning of April 11, 2008, while on burglary patrol in an unmarked car and dressed in plain clothes, Officers Jordan Roberts and Nathan Meil noticed Appellant and a female walking in the street where an adjacent sidewalk was provided, a violation of section 552.006 of the Texas Transportation Code. The officers decided to stop the individuals and issue a citation for the violation. They pulled up to them, exited their vehicle, displayed their guns and badges and ordered them to stop. According to Roberts, he observed Appellant reach inside a pocket and drop an object before he walked towards him and Meil. After securing the individuals, Roberts escorted Meil to the location of the dropped object where he retrieved a broken glass crack pipe and a brillo pad. A female officer was called to search the female suspect. An intact crack pipe was found in her pocket.
Appellant and his female companion were both charged with possession of drug paraphernalia, a Class C misdemeanor. By the indictment in this cause, Appellant was also charged with the third degree felony offense of tampering with evidence. Following a plea of not guilty, a jury found Appellant guilty and the trial court assessed his sentence at forty-five years confinement. 
By his first issue, Appellant maintains the evidence is insufficient to support his conviction for tampering with evidence, as alleged in the indictment. We agree. 
 Sufficiency Standard of Review
 The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in Jackson v. Virginia, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912. We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 
 Analysis
 A person commits the offense of tampering with evidence if knowing that an offense has been committed, he alters, destroys, or conceals any record, document or thing with intent to impair its verity, legibility or availability as evidence in any subsequent investigation of or official proceeding related to the offense. See Tex. Penal Code Ann. § 37.09(d)(1) (West Supp 2011). In this case, the indictment alleges that Appellant "intentionally and knowingly conceal[ed] physical evidence, to-wit: glass pipe with intent to impair the availability of glass pipe as evidence in a subsequent investigation related to the said offense . . . ." He was not charged with altering or destroying the pipe. 
 "Conceal" is not defined by the statute nor elsewhere in the Penal Code. However, courts have held it means to hide, to remove from sight or notice; to keep from discovery or observation. See Rotenberry v. State, 245 S.W.3d 583, 588-89 (Tex.App.--Fort Worth 2007, pet. ref'd); Hollingsworth v. State, 15 S.W.3d 586, 595 (Tex.App.--Austin 2000, no pet.). This Court has held that "conceal" means "to prevent disclosure or recognition of" or "to place out of sight." See Lujan v. State, No. 07-09-0036-CR, 2009 Tex. App. LEXIS 7121, at *6 (Tex.App.--Amarillo Sept. 9, 2009, no pet.) (not designated for publication). In the context of this offense, the actio malum prohibitum of concealment is the affirmative act of doing something with the intent of making an item of evidence unavailable in a subsequent investigation or prosecution.
Relying on Hollingsworth, 15 S.W.3d at 594-95, Appellant maintains that by reaching in his pocket and removing the glass pipe, he did not affirmatively act to conceal evidence; rather, he merely dispossessed himself of the evidence, thereby actually revealing it to Officer Roberts. In response, the State urges that Appellant's "palming" of the pipe to remove it from his pocket constituted concealment. We disagree with the State.
In 2006, the Dallas Court of Appeals addressed the issue of concealment in Blanton v. State, Nos. 05-05-01060-CR and 05-05-01061 - -CR, 2006 Tex. App. LEXIS 6367,(Tex.App.--Dallas July 21, 2006, pet. ref'd) (not designated for publication). There, the defendant was stopped for a traffic violation and before stopping, he dropped two plastic baggies from his car window. The baggies were later retrieved and although some of the contents had spilled onto the street, a measurable amount of crack cocaine remained in them. He was convicted of possession of cocaine and tampering with evidence. Regarding the tampering conviction, he argued on appeal that the State failed to prove he "concealed" the cocaine because he had in fact exposed it to the officer's view. The Dallas Court of Appeals agreed that Blanton had not concealed the cocaine but nevertheless affirmed his conviction for tampering with evidence based on having "altered" the cocaine because the baggies had ripped and their contents had spilled onto the roadway. Id. at *8-9.
Here, Officer Roberts repeatedly confirmed during cross-examination that the object Appellant removed from his pocket, i.e., the glass crack pipe, was never concealed from him because it never left his sight. Appellant never affirmatively acted to make the crack pipe unavailable in a subsequent investigation or prosecution. He did not throw it, bury it, cover it, hide it, place it out of sight, or otherwise conceal it. He merely dispossessed himself of it, leaving it in plain-view. As in Blanton where the act of dropping baggies out of a car window did not result in concealment, Appellant did not conceal the glass crack pipe by dropping it and thus ultimately revealing it to Officer Roberts. 
The State urges that Officer Roberts's awareness of the glass pipe should not be imputed to Officer Meil's unawareness. Appellant, again relying on Hollingsworth, argues that it implicitly held that an officer's awareness of evidence is imputed to other officers. Although neither party cites to any authority involving tampering cases in support of their respective arguments, we follow the logic of Hollingsworth in which at least one of the officers on the scene, as is the case here, was aware of the presence of the item alleged to have been concealed. Cf. Holloway v .State, 780 S.W.2d 787, 796 (Tex.Crim.App. 1989) (regarding the Sixth Amendment, knowledge is imputed from one state actor to another).
We conclude based on the plain and ordinary meaning of "conceal" and on the evidence and reasonable inferences to be drawn therefrom that no rational trier of fact could have found that Appellant "concealed" the pipe as alleged in the indictment. Issue one is sustained. Our disposition of Appellant's first issue pretermits consideration of the second issue. Tex. R. App. P. 47.1.
 Conclusion
 Having found the evidence is insufficient to sustain Appellant's conviction for tampering with evidence, we reverse the trial court's judgment and render a judgment of acquittal.

 Patrick A. Pirtle
 Justice

Publish.